# IN RE FRANK H.*
## (7154)

DUPONT, C. J., DALY and JACOBSON, Js.

Argued March 3—decision released March 22, 1989

*Jonathan W. A. Ruhe,* for the appellant (respondent mother).

*Patricia Lilly Harleston,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle* acting attorney general, *Joseph I. Lieberman,* former attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (petitioner).

*Bessye W. Bennett,* for the minor child.

PER CURIAM. The department of children and youth services filed co-terminous petitions on October 7, 1987, alleging that Frank H. was a neglected and abused child and seeking to terminate the parental rights of his mother and named father. During the trial court proceeding, it was determined that the unacknowledged father had no legal status with respect to the child. Thus, both petitions concerned only the mother as the sole legal guardian and respondent.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Following a plenary trial, the court found the child to be neglected and abused pursuant to General Statutes § 46b-120, and terminated the mother's parental rights, pursuant to General Statutes § 17-43a (a). In addition, the court found that the circumstances of the case required a waiver of the one year waiting period as authorized under General Statutes § 17-43a (c).

The respondent appealed to this court, arguing that the trial court erred in waiving the one year period and in finding the evidence sufficient to terminate the mother's parental rights. The respondent's claims of error relate strictly to the discretionary and fact-finding powers of the trial court. We have examined the record and briefs and conclude that the court acted properly and in accordance with applicable law. We cannot retry this case. *Stiepel* v. *Cone,* 14 Conn. App. 815, 541 A.2d 547 (1988).

There is no error.